**MURNANE, Plaintiff-Appellant, v. SPELLMAN, Admr., et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4143. Decided October 8, 1948.

Morgan W. Roderick, Columbus, James E. Kinnison, Columbus, for plaintiff-appellant.

Henry L. Scarlett, Columbus, Harrison, Thomas, Spangenberg & Hull, Cleveland, and Raymond W. Kilbourne, Columbus, for defendants-appellees.

## OPINION

By THE COURT:

This is a law appeal from the Court of Common Pleas of Franklin County, Ohio. The record discloses that the plaintiff, a grandnephew of Maurice P. Murnane, filed his petition against the administrator of Maurice P. Murnane's estate and the executor under the will of Grace D. Murnane, alleging that she was not the surviving widow and his sole heir because her divorce from her former husband, George Backenstoe, on November 8, 1912, was not valid because obtained by false testimony as to her bona fide residence in Cuyahoga County, Ohio, and that she was therefore guilty of fraud in representing herself to be his widow and in obtaining his property which therefore became ingrafted with the trust in favor of the said grandnephew and other blood relations of Maurice P. Murnane, both when held by her and now the proceeds thereof in the hands of the representatives of the two estates.

To this petition an answer was filed setting up two defenses, the second of which is pertinent for a determination of the issues in this case. This defense alleges that another grandnephew, Ralph Rea, filed an action in the Common Pleas Court of Franklin County, Ohio, on April 28, 1938, joining this plaintiff and all the other blood relations of Maurice P. Murnane and Grace Backenstoe Murnane, and prayed for the partition of all his real estate among his blood relations, for the quieting of title against Grace Backenstoe Murnane and for an accounting; that all said blood relations including plaintiff, became parties by answer, by entering their appearance or by the service of summons; that thereafter Grace Murnane, and after her death, her executor and her heirs, filed answers alleging that she was his surviving widow and sole heir; that after judgment in the Common Pleas Court the case was appealed to the Court of Appeals on questions of law and fact, and upon trial de novo the sole issues of fact were whether Grace Murnane was legally divorced from her first husband, was thereafter legally married to Maurice P. Murnane, and was his surviving widow and the sole heir to his property; that thereafter the Court made its special find-

ing of fact that the divorce of November 8, 1912, was valid and binding and that said Grace Murnane was lawfully married to Maurice P. Murnane and survived him as his widow and only next of kin, and as such was the sole heir to his property described in the petition and that said blood relations, including this plaintiff, were not his next of kin and were not entitled to partition; that these findings were incorporated in the final judgment entered on July 6, 1942; that the said judgment is final and binding.

It is further alleged that said judgment constitutes a full and complete bar to the plaintiff's present claim to the proceeds of the Maurice P. Murnane property in the possession of his and her representatives. No reply was filed to the answer and when the case came on for trial a motion was made for judgment in favor of the defendants on the pleadings, which motion was sustained, and judgment rendered.

The only question presented is whether or not the Court erred in its ruling on the motion and entering judgment for defendants. It will be noted that the answer alleges that in the case of Ralph Rea v. Grace Murnane, et al,. the Court found that she was legally divorced from her first husband and that thereafter she was lawfully married to Maurice P. Murnane. This is the identical question raised in the case at bar. The plaintiff having been a party to the former action is barred from again litigating the same question. It was so decided in the case of **Quinn v. The State, ex rel. Leroy, 118 Oh St 48,** the first syllabus providing:

"Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case."

Also, in the case of **Norwood v. McDonald, 142 Oh St 299,** it was held in syllabus 1: •

"A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them."

We therefore hold that the trial court properly held the second defense constituted a complete defense and bar to the cause of action set forth in the petition.

The judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.